**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1268
_____

UNITED STATES OF AMERICA

v.

EARL MOORE, a/k/a Jerome Mixson, a/k/a Redbone,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-08-cr-00730-001
Chief District Judge:  The Honorable Juan R. Sanchez

_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 9, 2022

Before: JORDAN, HARDIMAN, and SMITH, *Circuit Judges*

(Filed: October 14, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SMITH**, *Circuit Judge*.

The District Court denied Earl Moore's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as well as his motion for reconsideration of that denial. Moore appealed.[1] We will affirm.

I.

In 2010, a jury found Moore guilty of attempting to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. At sentencing, the District Court concluded that Moore was a career offender, which resulted in an increase of Moore's sentencing guideline to 360 months to life imprisonment. On July 6, 2010, the District Court imposed a sentence of 360 months. Moore's direct appeal and petition under 28 U.S.C. § 2255 were unsuccessful. Thereafter, in July 2020, Moore filed, *pro se*, a request under 18 U.S.C. § 3582(c)(1)(A) seeking compassionate release on the basis of his vulnerability to Covid-19 because of certain health conditions. The Government opposed this request.

On January 19, 2021, the District Court denied Moore's request for compassionate release. It acknowledged the Government's concession that Moore's health status "sufficiently [met] the standard of extraordinary and compelling

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

reasons" required for a sentencing reduction. A18. Nevertheless, the District Court denied the motion because "the § 3553(a) factors weigh against compassionate release and because Moore is a danger to the community." *Id.*

Moore proceeded to file, *pro se*, a motion for reconsideration with this Court, which the Clerk construed as a Notice of Appeal that should have been filed with the District Court. In the meantime, Moore's family retained counsel, who filed a supplemental motion for reconsideration, and successfully moved to stay the appeal pending the District Court's disposition of the reconsideration motion.

Moore's counseled reconsideration motion asserted that his sentence, if imposed in 2021, would have been substantially shorter and that this constituted an extraordinary and compelling circumstance warranting release under § 3582(c)(1)(A). The shorter sentence, counsel explained, would be attributable to First Step Act Amendments and the application of subsequent case law in *United States v. Nasir*, which held that inchoate offenses no longer qualified as controlled substance offenses for purposes of determining if a defendant is a career offender. *See* A109–110 (citing *United States v. Nasir*, 982 F.3d 144, 156–60 (3d Cir. 2020) (en banc), judgment vacated on other grounds, 142 S. Ct. 56 (October 4, 2021)); *see also United States v. Nasir*, 17 F.4th 459, 471–72 (3d Cir. 2021) (en banc).

On October 19, 2021, the District Court denied reconsideration. The Court explained that there was nothing to reconsider as Moore had not previously raised

3

his argument regarding the lower sentence he might have received if subsequent changes in the law applied now. Turning to the merits, the District Court acknowledged that Moore would not have been a career offender under *Nasir*. The Court noted, however, that Moore was sentenced "long before *Nasir*" and "[t]o the extent these changes may be deemed as intervening law, that intervening law is clearly not controlling in this case." A27. Even assuming that Moore was correct that he would now receive a lighter sentence, the District Court concluded that Moore had failed to "ma[k]e the necessary showing to be entitled to early release." A28. The Court again took stock of the § 3553(a) factors and determined that they "militate[d] in favor of keeping him incarcerated." A29. Although Covid-19 remained a risk, the Court noted that the danger of contracting Covid-19 had "been significantly ameliorated." A30. In the Court's view, Moore was "simply asking [it] to re-think its prior decision." A31. Accordingly, the Court declined to change its earlier denial of compassionate release.

Moore's notice of appeal ripened thereafter. Before us, Moore contends that the District Court should have applied a more relaxed standard to evaluate his *pro se* motion, instead of limiting relief to clear errors of fact or law. Moore also asserts that the District Court erred by failing to consider as an extraordinary and compelling reason for release under § 3582(c)(1)(A) that his sentence was "unduly harsh" since he would no longer qualify as a career offender under *Nasir*.

4

II.

We reject Moore's contention that the District Court applied the wrong standard in resolving his reconsideration motion.[2] Motions for reconsideration are "not for addressing arguments that a party should have raised earlier," but rather serve as a means "to correct a clear error of law or to prevent a manifest injustice." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (quotation marks and citations omitted). Accordingly, the District Court did not err by noting that Moore's new argument did not provide a basis for reconsideration. Nor did the District Court abuse its discretion. It judiciously addressed the merits of the purported errant career offender designation that Moore advanced for the first time.

We also conclude that the District Court did not err in denying Moore relief under § 3582(c)(1)(A).[3] In *United States v. Andrews*, we acknowledged that the initial step in the § 3582(c)(1)(A) analysis entails deciding if there is an extraordinary and compelling reason warranting a sentence reduction. 12 F.4th 255,

---

[2] Whether the District Court applied the correct legal standard in resolving the motion for reconsideration is a question of law subject to plenary review. *See Mariotti v. Mariotti Bldg. Prods., Inc.*, 714 F.3d 761, 765 (3d Cir. 2013). We review the denial of a reconsideration motion for an abuse of discretion. *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010).

[3] We review a District Court's denial of a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). We "exercise de novo review" over issues of law relating to the interpretation of § 3582(c)(1)(A). *See United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

262 (3d Cir. 2021). "If a prisoner successfully shows extraordinary and compelling circumstances, . . . the next step of the analysis [is] when [the court] weigh[s] the § 3553(a) factors." *Id.* As to the initial prong of the analysis, we instructed that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." *Id.* at 260–61. And we rejected the argument that nonretroactive changes in statutory law could constitute the extraordinary and compelling reason that permits a district court to proceed to the "next step" in the § 3582(c)(1)(A) analysis. *Id.* at 262. Consistent with *Andrews*, we conclude that Moore's lengthy sentence and the new nonretroactive case law applicable to career offender designations do not constitute extraordinary and compelling reasons for a sentencing reduction and therefore did not warrant reaching "the next step of" the § 3582(c)(1)(A) analysis. *Id.*

We will affirm the District Court's order denying relief under § 3582(c)(1)(A).